# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**JEFFERSON O. SMITH,**

    **Plaintiff,**

v.                                                      **Case No. 3:18-cv-01490**

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1). The undersigned notes that Plaintiff has failed to pay a filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. Before the Complaint can be accepted for prosecution, either the filing fee must be paid, or an application to proceed *in forma pauperis* must be approved by the Court. Therefore, Plaintiff is hereby **ORDERED** to pay the filing fee of $400, or in the alternative, submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs, which includes the institutional certification and an inmate account transaction record. **Plaintiff is notified** that failure to pay the fee or submit a completed application within **thirty (30) days** of the date of this Order shall result in a recommendation that the Complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that since being booked into the Western Regional Jail in Barboursville, West Virginia, he has been denied clean clothing and sheets for his mat. (ECF No. 1). In addition, Plaintiff states that he has been exposed to filthy conditions that resulted in him developing a bacterial infection in his eye. Finally, Plaintiff complains that he has kidney stones that have been left untreated. (*Id.*). As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening, as explained below.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the

complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). However, "[p]rison conditions may be 'restrictive and even harsh.'" *Farmer*, 511 U.S at 833 (*quoting Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) ("To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."). "The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments." *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993). Thus, not every uncomfortable condition of confinement is actionable. *Rhodes,* 452 U.S. at 347. Ultimately, this prohibition "does not mandate comfortable prisons, and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991) (*quoting Rhodes,* 452 U.S. at 347).

In order for Plaintiff to maintain a *prima facie* case that his conditions of confinement violated the Eighth Amendment, he must show both (1) the deprivation

3

of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238. To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)). To state a cognizable Eighth Amendment claim based on the failure to provide medical care, Plaintiff must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A medical condition is serious under the Eighth Amendment when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical

attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see also Adams v. Southwest Virginia Regional Jail Authority*, 524 F. App'x 899, 900-01 (4th Cir. 2013).

To fulfill the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health or safety by the defendant. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, the staff at the Western Regional Jail had a sufficiently culpable state of mind if they were aware of an excessive risk of harm to Plaintiff's health or safety, but disregarded it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so."). A prison official is not liable under the Eighth Amendment if a reasonable response was made, "even if the harm ultimately [was] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing*

*Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

In addition to the legal principles set forth above, Plaintiff's claims are governed by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F.Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

In light of these governing principles, Plaintiff must amend his complaint to cure the following deficiencies:

1. The Western Regional Jail is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a prison official or other person acting under color of State law violated his federal civil or constitutional rights, he must *name* the individual or individuals as defendant(s). If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe, Nurse Jane Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the Complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

2. Plaintiff must set forth a factual basis upon which the Court can conclude that the defendants acted with deliberate indifference to Plaintiff's health and safety. In other words, Plaintiff must include details about when the alleged events occurred, who was involved in the alleged events, what was said and done by each participant, and what happened as a result of the actions or inactions of the various individuals involved.

3. Plaintiff must identify the nature of the physical and emotional injuries he claims to have suffered as a result of the alleged wrongdoing of each defendant.

Plaintiff is **ORDERED** to amend his complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of his obligation

to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff, along with a form Complaint under 42 U.S.C. § 1983, an Application to Proceed Without Prepayment of Fees and Costs, and any available instructions for completing the forms.

**ENTERED:** December 6, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge